# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM P., a minor, by and through Patrick P., his father, and Marianne P., his mother and next friend, <br><br> Plaintiff, <br><br> v. <br><br> EVERGREEN PARK SCHOOL DISTRICT NO. 124 AND ILLINOIS STATE BOARD OF EDUCATION <br><br> Defendant. | No. 07 C 0608 <br><br> Honorable Charles R. Norgle |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Plaintiff William P.'s ("William") Motion for an Award of Fees pursuant to 20 U.S.C. § 1415(i)(3)(B). William and his parents (collectively "Plaintiffs") moved for fees in accordance with the Court's June 30, 2008 Order, which declared Plaintiffs prevailing parties in the underlying agency proceedings. Defendant Evergreen Park School District (the "District") objects to Plaintiffs' request for fees, arguing that the relief Plaintiffs obtained at the administrative level, when compared with the relief Plaintiffs requested, was *de minimis* and not worthy of a fee award. For the following reasons, the motion is granted.

## I. BACKGROUND

### A. FACTS

William, at all relevant times, was diagnosed with a learning disability, a mild to moderate hearing loss and Down's Syndrome. Down's Syndrome is a chromosomal condition

that occurs when an individual has three, rather than two, copies of the twenty-first chromosome.[1] This additional genetic material alters the course of an individual's development, often resulting in low muscle tone, small stature and other characteristics.[2] Despite this, individuals with Down's Syndrome attend school, work, converse, participate in decisions that affect them and display a variety of meaningful attributes that are bolstered by quality educational programs and positive support.[3] William attended school in the Evergreen Park School District No. 124, located just outside of Chicago. William's parents initiated this action seeking to challenge the Individualized Education Plan ("IEP") that the Defendants designed exclusively for William.

On February 2, 2006 William's parents requested an administrative due process hearing, during which they sought the following relief: (1) that the District fund intensive remediation for William in the areas of reading and writing, which required placing William in a private day school; (2) that the District provide additional training for its staff to deliver Down's Syndrome training; (3) that the District maintain regular, systematic and substantive communications with William's family regarding the program; and (4) that the District reimburse William and provide compensatory education for all periods that the District failed to provide William a Free Appropriate Public Education ("FAPE"). In seeking this relief, Plaintiffs presented seven issues for the administrative hearing officer to decide, although the primary issue according to the Defendants was whether the District's IEP was reasonably calculated to provide sufficient educational benefits for William and therefore provided him a FAPE.

---

[1] See Jordan D. Schnitzer, Note, Follow the Teacher's Advice: Resolving Weast v. Schaffer: Burden Should Shift From School System to Parent to Prove the Inadequacy of Disabled Child's IEP, 50 ST. LOUIS U. L.J. 223, 234 n.73 (2005) (listing the medical definition of Down's Syndrome).
[2] See, e.g., id.
[3] National Down Syndrome Society, Down Syndrome Fact Sheet, available at http://www.ndss.org/index.php?option=com_content&view=article&id=54&Itemid=74 (last visited on Dec. 31, 2009).

On August 1, 2006, after a seven day administrative hearing, the hearing officer issued a decision on the merits of Plaintiffs' claims. There the hearing officer made a number of conclusions with regard to the appropriateness of William's IEP, but one in particular is significant to this analysis. While the hearing officer concluded that the IEPs were reasonably calculated to provide educational benefits for William, it noted that "[s]pecific training relative to Down Syndrome should be provided for the staff who will be charged with providing B's education." Otherwise, the hearing officer found that the communication log that Plaintiffs requested was unmanageable and that reimbursement for private services was unfounded. In the end, the District provided William a FAPE.

Pursuant to his findings, the hearing officer denied reimbursement for private tutoring and entered the following order with regard to the additional staff training: "The District is ordered to provide training for appropriately identified teaching and resource staff (and others who may have interest) on the topic of Down Syndrome within forty-five (45) days of the receipt of this Order." The hearing officer did not place a limitation on this additional training. Instead, the training as to Down's Syndrome was prospective, going beyond those individuals that worked with William.

**B. PROCEDURAL HISTORY**

On January 31, 2007 William's parents filed a complaint in this Court, claiming that as prevailing parties they were entitled to reasonable attorney's fees. Initially, the Court decided the limited issue of whether William was a prevailing party pursuant to the IDEA and reserved ruling on the amount of William's fee award. On June 30, 2008 the Court issued an Opinion and Order, finding that Plaintiffs were prevailing parties because "the hearing officer ordered the

District to provide additional training on the topic of Down's Syndrome and [that] this training would directly benefit William."

On July 14, 2008, in light of the Court's ruling on the prevailing party issue, Plaintiffs filed the current motion for attorney's fees, requesting that the district pay fees in the amount of $43,290.12, which is, according to Plaintiffs, 80% of the total fees that Plaintiffs' counsel incurred to date, which was $54,112.65. The District opposed Plaintiffs' motion for fees (by this time the parties stipulated to dismiss the Defendant Illinois State Board of Education) and the Court ordered the parties to file additional briefs on the issue of reasonableness of the fees requested. Both parties complied with the Court's order for additional briefs. Thus the motion for an award of fees is fully briefed and before the Court.

## II. DISCUSSION

### A. STANDARD OF DECISION

The IDEA states that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). This provision allows a party to recover attorney's fees when it prevails at the administrative level and in the reviewing court. T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 479 (2003). A party "prevails" for purposes of federal fee-shifting statutes when he or she obtains "actual relief on the merits" of a claim that "materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 115 (1992).

But, "in some circumstances, even a plaintiff who formally 'prevails' ... should receive no attorney's fees at all." Id. at 115; Monticello Sch. Dist. No. 25 v. George L., 102 F.3d 895,

4

907 (7th Cir. 1996). The size of the fee award, if any, turns on the magnitude of the relief obtained. Farrar, 506 U.S. at 114. Put another way, the critical factor in determining the reasonableness of a fee award "is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983); Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790 (1989) ("[T]he degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee...."). The reasonable fee award for a prevailing plaintiff who obtains only a "Pyrrhic victory," however, is zero. Linda T. v. Rice Lake Sch. Dist., 417 F.3d 704, 708 (7th Cir. 2005) (citing Farrar, 506 U.S. at 117).

B. PLAINTIFFS' MOTION FOR FEES

The parties do not contest whether Plaintiffs prevailed at the due process hearing. Defendants claim, however, that the Plaintiffs are not entitled to fees, despite their prevailing party status, because their success on the merits was *de minimis*. In support, the District downplays the hearing officer's order as to the additional training on the topic of Down's Syndrome and avers that the Plaintiffs prevailed on only a minor issue in the litigation, which does not warrant an award of attorney's fees. In response, Plaintiffs argue that the additional training ordered by the hearing officer is significant, since it fulfills one of the main purposes of the IDEA. Moreover, Plaintiffs point out that the scope of the order is substantial, since it applies without limitation and not simply to those staff members that work directly with William. The Court agrees with Plaintiffs on these points.

It is clear from the administrative record that the District did not provide sufficient training on the topic of Down's Syndrome. Recognizing this, the hearing officer ordered the District to address this deficiency, not only in William's IEP, but also in its overall educational program. This order should not be read lightly. The order is not, as the District argues, technical

or meaningless. The success of the District's program with regard to children with Down's Syndrome, as illustrated in William's case, relies on the ability of its staff to appropriately work with and educate similarly situated children. The additional training that the hearing officer ordered the District to provide will benefit every child with Down's Syndrome that enrolls in the District from now on. This goes beyond the mere finding that the District provided William a FAPE. As it turns out, compliance with such an order is neither trivial nor *de minimis*, as the District suggests.

Furthermore, the District's reliance on the Seventh Circuit's decision in Linda T. v. Rice Lake to support its position is misplaced. In that case the parents of an autistic child challenged the district's IEP, arguing among other things that the IEP "did not contain sufficient particulars about the instructional training services to be provided to the staff." Linda T., 417 F.3d at 706. After a three-day hearing, the administrative law judge ("ALJ") agreed with the parents on this issue. The ALJ found that the language in the IEP with regard to staff training was too vague and directed the district to revise the IEP so that it contained a clear statement of the amount and frequency of staff training. Id. at 707. As to the parents' remaining arguments, the ALJ ruled in favor of the school district. Id. at 706-07. The parents then took their case to the federal district court, asking it to declare them prevailing parties and to issue them a reasonable fee award. Over objection, the district court held that the parents were prevailing parties because the ALJ's order required the district to revise its IEP to provide greater specificity as to staff training. Id. at 707. However, the district court held that the parents' success was *de minimis* because the issue of specificity was a mere "secondary concern" to the case. Id. The Seventh Circuit affirmed, finding it relevant that the ALJ did not require the provision of any additional or different

6

services to the minor child, and thus the parents' win was *de minimis*. Id. at 709. This case is quite the opposite.

Here, the administrative hearing officer did not merely order the District to specify the details of its Down's Syndrome training. Sufficient Down's Syndrome training did not exist. Because of this, the hearing officer in this case ordered the District to provide additional, different services to William and, in turn, all future students with Down's Syndrome. While the Defendants contend that this is not the "primary" issue in the case, it is certainly significant. This is a notable change to the District's previous plan, one that cannot be described as *de minimis*, and one that the Seventh Circuit did not consider in Linda T. Accordingly, the Court finds that Plaintiff's request for an award of fees is meritorious.

## C. FEE AWARD

Having found that Plaintiffs are entitled to fees, the Court must next determine the size of the overall fee award. District courts may exercise significant discretion in determining the amount of a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). A reasonable fee is calculated using the lodestar method, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 433. But this does not end the inquiry. A court may exclude hours not "reasonably expended" on the litigation, such as those that the court deems excessive, redundant or unnecessary. Id. at 434. Moreover, district courts are within their discretion to "trim...[the] fat from a fee application" by reducing the hours or total fees requested. See Tomazzoli v. Sheedy, 804 F.2d 93, 98 (7th Cir. 1986).

Again, Plaintiffs seek fees in the amount of $43,290.12, which includes a 20% reduction of the total fees incurred because, according to Plaintiffs, the hearing officer did not order the requested remedy of reimbursement. Nevertheless, while the Court recognizes Plaintiffs' self-

imposed reduction in fees, the Court will work from the total amount of fees due and owing to Plaintiffs' counsel, which is $54,112.65, as stated in counsel's monthly billing statements. Of this amount, Plaintiffs' counsel billed approximately $31,818.90 for charges that he incurred when handling the claim at the administrative level. Beyond that, Plaintiffs incurred charges in the amount of $18,687.50 for the time that counsel expended while seeking fees in this Court. The District objects to both amounts, arguing that as to the $31,818.90 Plaintiffs' win was *de minimis*, and thus they are entitled to nothing. And, as to the $18,687.50, the District argues that Plaintiff's fee petition is unreasonable. The Court shall discuss each contention in turn.

First, as to the amount of fees that Plaintiffs incurred at the administrative level, the Court finds that Plaintiffs are entitled to 25% of those fees. There is no dispute that Plaintiffs filed four requests for relief at the administrative level. However, the administrative hearing officer rejected three of Plaintiff's requests for relief, granting only Plaintiffs' request to impose upon the District an order requiring it to provide additional training on the topic of Down's Syndrome. Such an order, as stated previously, was not *de minimis*. But nevertheless the hearing officer's order constituted only one-fourth of the total relief that the Plaintiff requested. And arguably the relief obtained was not connected to the primary claim in the litigation – that the District denied William a FAPE. Accordingly, 25% of the total amount of fees incurred at the administrative level is justified, and therefore Plaintiff shall receive 25% of $31,818.90, which is $7,954.50. See Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 558-59 (7th Cir. 1999) ("If…a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount" and thus "[i]n such a case, the district court has the discretion to reduce the modified lodestar amount to reflect the degree of success obtained.") (citing Hensley, 461 U.S. at 435-37); see also Shea v. Galaxie

8

Lumber & Constr. Co., 152 F.3d 729, 736 (7th Cir. 1998) ("[D]istrict courts both can and should look to the degree of success a party achieves in deciding how generous a fee award should be.").

Second, as to the amount of fees that Plaintiffs incurred in pursuing a fee award in this Court, the Court finds that Plaintiffs are entitled to 50% of those fees. In contesting the petition, the District maintains that Plaintiffs' counsel expended an excessive amount of time preparing the pleadings for presentment in this Court. This is so, the District says, because Plaintiffs' counsel committed various procedural deficiencies in the initial fee petition, which prompted the District to file a motion to dismiss. Plaintiffs of course filed a detailed response to the motion, thus increasing the number of hours it would have taken to litigate the fee petition in the first instance, had it been done properly. In the end, the Court allowed Plaintiffs to replead their case, after having acknowledged the District's motion and the flaws in the original fee petition.

In response, Plaintiffs contend that they should not be punished for any minor procedural errors that they may have committed when filing the fee petition, and that it was, in fact, the Defendants who forced them to expend additional time responding to "technical" and "useless" motions. This argument, however, is unavailing. When reviewing a fee petition the Court may refuse to reward a party for its own violations of procedural rules, no matter how trivial they may seem. See Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 490 (7th Cir. 1982) (confirming that costs may be denied where there appears to be "some fault, misconduct, default, or action worthy of a penalty on the part of the prevailing side."). In some cases, a needless violation of procedural rules may indeed drive up the costs of litigation, which is precisely what happened here. The District's motion to dismiss was justified, regardless of whether Plaintiffs perceived it

as "technical." As such, the Court shall impose a reduction in fees for the hours spent in responding to a valid motion, which sought to correct Plaintiffs procedural deficiencies.

The Court disagrees with the District insofar as it takes issue with time counsel spent briefing the issue of prevailing party status. The billing records indicate that Plaintiffs' counsel spent approximately 28.75 hours "digesting" the administrative record and 17 hours preparing briefs in support of the prevailing party issue. The administrative record accounts for seven days of argument, testimony and evidence. The Court is not in a position to question the amount of time it would take counsel to review the transcripts for each of the seven days and, quite likely, to take notes pertinent to Plaintiffs' position on the issue. The prevailing party issue was crucial to Plaintiffs' case and the amount of time spent preparing briefs on the issue reflects a reasonable opportunity to fully and fairly litigate the issue as Plaintiffs saw fit.

The District further objects to the ratio of time Plaintiffs spent litigating the merits of the case to the time they spent collecting fees. The Court agrees with the District on this point. One factor to consider when determining the reasonableness of a fee award is the comparison between hours spent on the litigation of the merits and the hours spent on the fee petition. Ustrak v. Fairman, 851 F.2d 983, (7th Cir. 1988) (finding excessive the amount of time devoted to pursuing fees where plaintiff's attorneys devoted fifteen minutes to preparing their fee petition for every hour spent litigating the merits). Here, Plaintiffs seek to recover fees for 68.50 hours of work related to the fee petition. If we compare this time to the 113.50 hours of work preparing for and participating in the seven day administrative hearing, it becomes clear that Plaintiffs spent a little more than 50% of their time attempting to recover fees. This ratio, pursuant to Ustrak, is excessive, especially seeing that the issues presented were neither complicated nor complex. This, coupled with Plaintiffs procedural errors, support a reduction of 50% of the fees

incurred in preparing and litigating the fee petition. Accordingly, Plaintiff is entitled to 50% of $18,687.50, which is $9,343.75.

## III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for an Award of Fees pursuant to 20 U.S.C. § 1415(i)(3)(B) is granted. Plaintiffs are awarded $17,298.25.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: 12-31-08